UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. PEREZ, | No. 2:14-cv-2326 KJN (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1]  For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On May 11, 2011, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on February 20, 2008. (Transcript ("Tr.") at 25, 241-57.)  Plaintiff's applications were denied initially, (id. at 155-62),

---

[1] Both parties previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See Dkt. Nos. 8 & 10.)

1

and upon reconsideration. (Id. at 164-65.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on January 10, 2013. (Id. at 49-93.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 49-50.) In a decision issued on January 24, 2013, the ALJ found that plaintiff was not disabled. (Id. at 36.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since February 20, 2008, the alleged disability onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: morbid obesity, asthma, allergies, rhinitis, dyspnea, obstructive sleep apnea, moderate lung restriction, bilateral ankle sprain, and degenerative joint disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to lift up to 20 pounds occasionally, lift and carry up to 10 pounds frequently in light work as defined by the regulations. He may only stand and walk a combined total of two hours in an eight-hour day, for 30 minutes at a time. He may occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, but may never climb ladders, ropes and scaffolds, or crawl. He must avoid more than occasional exposure to extreme heat, cold, vibration, and hazards such as moving machinery and unsecured heights. He must avoid all exposure to industrial irritants such as industrial fumes, dust, odors, gases, chemicals, and poorly ventilated spaces.
>
> 6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on July 18, 1972 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

>  9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).
>
>  10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>  11. The claimant has not been under a disability, as defined in the Social Security Act, from February 20, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 25-36.)

On June 23, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's January 24, 2013 decision. (Id. at 6-9.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 6, 2014.[2]

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

---

[2]  On December 6, 2014, the Appeals Council granted plaintiff's request for an extension of time to file this civil action. (Tr. at 1-2.)

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ's residual functional capacity ("RFC") determination does not allow for the performance of the alternative jobs identified by the ALJ. (Pl.'s MSJ (Dkt. No. 14) at 4-14.[3]) In this regard, plaintiff argues that the ALJ's "error lies in the identification of the light work occupations" that require standing and walking for up to six hours of an eight-hour day, despite the fact that plaintiff's RFC is limited to "standing/walking for no more than a total of two hours of an eight hour work day for 30 minutes at one time." (Id. at 9.)

At step five of the sequential evaluation, the Commissioner must "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995); see also 20 C.F.R. § 416.920(g). The ALJ relies on the Dictionary of Occupational Titles ("DOT"), which is

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the Commissioner's "primary source of reliable job information" regarding the existence of jobs in the national economy. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990); see also 20 C.F.R. §§ 416.969, 416.966(d)(1). "In addition to the DOT, the ALJ relies on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of his residual functional capacity." Zavalin v. Colvin, 778 F.3d 842, 845-46 (9th Cir. 2015) (citing 20 C.F.R. § 416.966(e); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009)). Where there is conflict between the VE's testimony and the DOT, "the ALJ must ask the expert to explain the conflict and 'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony over the information contained in the DOT."[4] Pruett v. Colvin, 85 F.Supp.3d 1152, 1157 (N.D. Cal. 2015) (quoting Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007)).

Here, the ALJ's decision noted that the vocational expert, ("VE"), testified that plaintiff could perform the jobs of mailroom clerk, paper sorter and recycler, and storage facility clerk. (Tr. at 36.) According to the DOT, a mailroom clerk

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt on incoming mail. Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter. May fold letters or circulars and insert in envelopes …. May distribute and collect mail. May weigh mail to determine that postage is correct. May keep record of registered mail. May address mail, using addressing machine …. May be designated according to type of mail handled as Mail Clerk, Bills (clerical).

DICOT 209.687-026.

The DOT states that a paper sorter

> Sorts sheets of paper according to specified grade and examines them for defects, such as tears, cuts, roll marks and slime holes, and discards defective sheets. Counts and stacks acceptable sheets and inserts identification marker between reams. Segregates paper according to customer order and records amount and grade of separate orders.

---

[4] Here, the VE testified that his testimony was consistent with the DOT. (Tr. at 88.)

1  DICOT 649.687-010.

2    The DOT states that a storage facility clerk

3
4
5
6
7
8
9
10
11
> Leases storage space to customers of rental storage facility: Informs customers of space availability, rental regulations, and rates. Assists customers in selection of storage unit size according to articles or material to be stored. Records terms of rental on rental agreement form and assists customer in completing form. Photographs completed form and customer to establish identification record, using security camera. Computes rental fee and collects payment. Maintains rental status record and waiting list for storage units. Notifies customers when rental term is about to expire or rent is overdue. Inspects storage area periodically to ensure storage units are locked. Observes individuals entering storage area to prevent access to or tampering with storage units by unauthorized persons. Loads film into security and surveillance cameras, records dates of film changes, and monitors camera operations to ensure performance as required. Cleans facility and maintains premises in orderly condition.

12  DICOT 295.367-026.[5]

13   For each of the jobs identified above the DOT lists the same physical demands required,

14  which are

15
16
17
18
19
20
21
22
> Light Work[6] - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

23  Id.

---

[5] The ALJ's decision mistakenly lists the DOT# for storage facility clerk as DOT# 295.369.026. (Tr. at 26.) The VE testified that the correct number is DOT# 295.367-026. (Id. at 85.)

[6] "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6. However, "[a] job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls [.]" Id. at *5.

1    Based on the above descriptions, it is not apparent that an RFC determination limiting
2    plaintiff to standing and walking for a combined total of two hours in an eight-hour day, and for
3    30 minutes at a time, was inconsistent with any of the jobs identified above. See Landry v.
4    Astrue, No. 2:07-cv-0563, 2008 WL 4999217, at *4 (W.D. La. Sept. 30, 2008) (storage facility
5    rental clerk does not "specifically require standing or walking in excess of two hours"); see also
6    Elliott v. Commissioner of Social Sec., 295 Fed. Appx. 507, 508 (3rd Cir. 2008) ("The ALJ's
7    observation that the full range of light work requires standing or walking for six hours per day is
8    consistent with his conclusion that Elliott possessed the RFC to perform light work with
9    modifications, i.e., that he not be required to stand or walk for more than two hours per day, and
10   that he have a sit/stand option for the remainder of the eight-hour workday."); Devore v.
11   Commissioner of Social Sec., No. 1:14-cv-0663 SAB, 2015 WL 3756328, at *4 (E.D. Cal. June
12   16, 2015) ("limitation of four hours standing/walking is not necessarily inconsistent with the
13   'light work' jobs identified by the DOT").

14   Moreover, the VE testified that in his experience, "a mailroom clerk sits basically in a
15   mailroom," and, therefore, that job would accommodate plaintiff's limitations. (Tr. at 89.) In this
16   regard, the ALJ received testimony from the VE as to how the job was actually performed. See
17   Jasinski v. Barnhart, 341 F.3d 182, 185 (2nd Cir. 2003) ("we know of no circuits that have found
18   a 'conflict' in a discrepancy between, on the one hand, the expert's description of the job that the
19   claimant actually performed, and the Dictionary's description of the job as it is performed in the
20   national economy"); Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there
21   is any implied or indirect conflict between the vocational expert's testimony and the DOT in this
22   case, we agree with the majority of the circuits that the ALJ may rely upon the vocational expert's
23   testimony provided that the record reflects an adequate basis for doing so.").

24   Plaintiff, however, argues that the DOT does not discuss the availability of a sit/stand
25   option. (Pl.'s MSJ (Dkt. No. 14) at 10-11.) Plaintiff is correct. The DOT does not discuss the
26   availability of a sit/stand option and "the Ninth Circuit has not considered whether a sit/stand
27   option creates a conflict with any of the occupations in the DOT." Gilmour v. Colvin, No. 1:13-
28   cv-0553 BAM, 2014 WL 3749458, at *8 (E.D. Cal. July 29, 2014).

A number of courts, however, have found that because the DOT does not discuss the availability of a sit/stand option, a VE's testimony about the availability of jobs with a sit/stand option does not raise an apparent conflict with the DOT.  Id.; See generally Wahpekeche v. Colvin, No. 15-6060, 2016 WL 537248, at *4 (10th Cir. Feb. 11, 2016) ("But [plaintiff] fails to demonstrate how any conflict exists between the VE's testimony and the DOT based simply on the DOT's silence concerning sit/stand options.  Accordingly, the ALJ had no duty to resolve the alleged 'conflict' before accepting the VE's testimony."); Sanborn v. Commissioner of Social Sec., 613 Fed. Appx. 171, 177 (3rd Cir. 2015) ("The DOT, however, does not include sit/stand options in job descriptions.  Accordingly, the ALJ did not erroneously fail to inquire into an explicit conflict between the VE's testimony and the DOT."); Forrest v. Commissioner of Social Sec., 591 Fed. Appx. 359, 364 (6th Cir. 2014) ("But the DOT does not discuss whether jobs have a sit/stand option . . . and therefore the vocational expert's testimony supplemented, rather than conflicted with, DOT job descriptions.")[7]; Zblewski v. Astrue, 302 Fed. Appx. 488, 494 (7th Cir. 2008) ("Because the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT.")[8]; McBride v. Commissioner of Social Sec., No. 2:12-cv-0948 CMK, 2014 WL 788685, at *8 (E.D. Cal. Feb. 25, 2014) ("The DOT does not address the issue of a sit/stand option for these positions, but there does not appear to be any conflict with plaintiff's need to sit after an hour of standing, as the VE testified.  Therefore, the undersigned sees no apparent conflict between the VE's testimony and the DOT."); Conn v. Astrue, 852 F.Supp.2d 517, 528 (D. Del. 2012) ("the VE's testimony and the DOT are not in conflict; the DOT simply does not address sit/stand options").

Moreover, in this case, the VE testified that the ALJ's RFC assumed a "sit/stand option," and plaintiff's counsel did not raise any issue on cross-examination with respect to the VE's testimony concerning the sit/stand option.  (Tr. at 89.)  As one district court has observed under

---

[7] Citation to this unpublished Sixth Circuit opinion is appropriate pursuant to Sixth Circuit Rule 32.1.

[8] Citation to this unpublished Seventh Circuit opinion is appropriate pursuant to Seventh Circuit Rule 32.1.

similar circumstances:

> Particularly where, as here, it is not intuitive that [the limitation] would be precluded by the DOT definition, plaintiff should have raised the issue at the hearing if he wished to preserve it. The VE could have addressed the issue on the record avoiding the entire basis for plaintiff's complaint herein. Under these circumstances, the Court finds that plaintiff has waived the issue.

Savasli v. Colvin, No. EDCV 13-1632 FFM, 2015 WL 263482, at *2 (C.D. Cal. Jan. 20, 2015); see also Coleman v. Colvin, No. EDCV 13-1834 AGR, 2014 WL 4080007, at *4 (C.D. Cal. Aug. 18, 2014) ("This court agrees with the decisions that decline to find an 'apparent' conflict when the DOT is silent about a particular mental or physical requirement and the claimant's counsel failed to raise or identify any conflict to the ALJ.").

Accordingly, for the reasons stated above, the court finds that plaintiff is not entitled to relief with respect to this claim.

**CONCLUSION**

The court has found that plaintiff is not entitled to summary judgment in his favor with respect to his sole claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 15) is granted; and
3. The decision of the Commissioner of Social Security is affirmed.

Dated:  March 17, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perez2326.ord.docx